Case 1:11-cv-00384-HB   Document 71   Filed 10/31/11   Page 1 of 4 PageID #: 1959

# PHILLIPS, GOLDMAN & SPENCE, P. A.

ATTORNEYS AT LAW

JOHN C. PHILLIPS, JR.
STEPHEN W. SPENCE*
ROBERT S. GOLDMAN*†**
LISA C. McLAUGHLIN†
JAMES P. HALL
KATHLEEN M. JENNINGS
DAVID A. BILSON***
MEGAN C. HANEY
STEPHEN A. SPENCE
E. ASHLEY TUCKER

ALSO MEMBER OF
*PENNSYLVANIA BAR
**NEW JERSEY BAR
†MARYLAND BAR
†FLORIDA BAR

PENNSYLVANIA AVE. AND BROOM ST.
1200 N. BROOM STREET
WILMINGTON, DELAWARE 19806

(302) 655-4200
(302) 655-4210 (F)

October 24, 2011

**VIA ELECTRONIC FILING &
FACSIMILE (215-580-2154)**

The Honorable Harvey Bartle III
United States District Court
Eastern District of Pennsylvania
U.S. Courthouse
601 Market Street, Room 16614
Philadelphia, PA 19106-1710

RE:   <u>*Abbott Products, Inc. et al. v. Teva Pharms. USA, Inc.*, C.A.NO. 11-384 (HB)</u>

Dear Judge Bartle:

In their Rule 56(d) motion, Plaintiffs did not dispute that a presumption of prosecution history estoppel has arisen or that they have the burden of rebutting that presumption in order to attempt to prove that ███████████████████████ is equivalent to the claimed isopropyl myristate. The only two issues as to which Abbott sought to justify its Rule 56(d) request for discovery on the prosecution history estoppel issue were (i) whether the presumption was rebutted on the theory that ██████████████ was an "unforeseeable" equivalent to isopropryl myristate at the time of the amendments in December 2001, and (ii) whether the presumption could be rebutted because the rationale for Abbott's first narrowing amendment was "tangential" to the alleged equivalent, ██████████████.

At the hearing, the Court recognized that both of these issues must be resolved using an "objective" standard, based on the knowledge of the hypothetical person of skill in the art as of December 2001. The Court asked whether there was any evidence in the case law that the accused infringer's conduct after the relevant date had been considered by other courts in addressing these prosecution history estoppel issues. Plaintiffs' letter purports to identify such cases, but fails.

First, as to *"tangentiality,"* Plaintiffs do not cite a single case supporting its contention that the conduct of the infringer was considered or cited by the Court as evidence that was relevant to tangentiality. Multiple cases have confirmed that the issue of tangentiality is to be decided based on the prosecution history record. *See, e.g., Biagro Western Sales, Inc. v. Grow More, Inc.*, 423 F.3d 1296, 1306 (Fed. Cir. 2005) ("[w]hether the patentee has overcome the presumption based on tangentiality is determined by the court based on the public record"); *Festo IX*, 344 F.3d at 1369 (the reason for the amendment "should be discernable from the prosecution history record, if the public notice function of a patent and its prosecution history is to have significance.").

As to *"unforeseeability,"* the cases cited by Plaintiffs do not support their contention that the conduct of Teva or its formulators after December 2001 is relevant to the issue of whether ▮▮▮▮▮▮▮▮▮▮ can be shown by Plaintiffs to be an "unforeseeable" equivalent to isopropyl myristate as of the time of the narrowing amendments in December 2001.

Preliminarily, it is important to note that Plaintiffs have never disputed that the '894 patent specification at Col.12:35-59 identifies the class of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮ as suitable for the claimed testosterone formulation, and that multiple prior art references also specifically reference and identify ▮▮▮▮▮▮▮▮▮ as a known penetration enhancer. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ was even listed in several prior art references ▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *See* (D.I. 29, Teva's Teva Op. Br. at 12-15 & D.I. 30, Exs. B, H, O-Y). This case, accordingly, is not a case of "after developed technology," in which the allegedly foreseeable equivalent was only developed *after* the critical amendment date, and would therefore not have been foreseeable because it did not exist or was not reasonably known at the time of the amendment.

Accordingly, Plaintiffs' reliance on the case of *Honeywell International, Inc. v. Hamilton Sunstrand Corp.*, 523 F.3d 1304 (Fed. Cir. 2008), is misplaced. There, the underlying factual question on foreseeability was whether the alleged equivalent was in fact after-developed technology and whether that later-developed technology was foreseeable based on the state of the art as of the amendment date. *Id.* at 1313 ("This court must examine, on the basis of this record, whether the use of IGV position to detect high flow and low flow was later-developed technology and thus unforeseeable at the time of the amendments during the prosecution process."). Here, no such issue has arisen: ▮▮▮▮▮▮▮▮▮ was clearly known in the art as of December 2001. As the Federal Circuit recently stated in *Duramed Pharms., Inc. v. Paddock Labs, Inc.*, 664 F.3d 1376, 1380 (Fed. Cir. 2011), "'an alternative is foreseeable if it is disclosed in the pertinent prior art in the field of the invention.'") (quoting *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*, 493 F.3d 1368, 1379 (Fed. Cir. 2007).[1]

The two other cases Plaintiffs cite are no more helpful to Plaintiffs' position. *BEI Tech., Inc. v. Matsushita Electric Industrial Co.*, 268 F. Supp. 2d 782, 802 (E.D. Mich. 2003), similarly deals with after-arising technology and is inapplicable to the case at hand for the reasons stated above.

---

[1] Plaintiffs also state at page 4 of their letter that the Court in *Honeywell* looked to facts that occurred as much as 8-12 years after the relevant amendment dates. But this is not applicable to our present case, where ▮▮▮▮▮▮▮▮▮ was undisputedly a known penetration enhancer before December 2001.

And, *Festo Corp. v. Shoketusu Kinzoku Kogyou Kabushiki Co.*, Civ. A. 88-1814-PBS, 2006 WL 47695 (D. Mass. Jan. 10, 2006) is also not on point. In *Festo* the Court again addressed the issue of after-developed technology. In the passages cited by Plaintiffs, the Court was addressing arguments raised by Festo that the alleged equivalent was not comparable to the prior art, but failed to provide empirical evidence of that fact. The failing the Court noted did not relate to the development of the equivalent, but rather its properties and how the equivalent was defined compared to the prior art. Ultimately, in upholding its finding that the equivalent was foreseeable, the Court relied on evidence that the equivalent existed in the art at the time of the amendment. *Id.* at *3.

Thus, in the actual context of this case, where it is undisputed that ███████████ was known as a penetration enhancer in the field of art of the '894 patent, and indeed ███████████ ███████████████████████████ the patent itself identified as being suitable for the invention at Col. 12: 35-59, Plaintiffs have not provided any case law to support their assertion that Teva's conduct well after the amendments were made in December 2001 is relevant to the issues the Court is being asked to decide.

The rest of the cases cited by Plaintiffs do not pertain to the distinct prosecution history estoppel issues of "foreseeability" and "tangentiality," but instead have to do with the very different contexts of (i) obviousness, and (ii) whether the alleged equivalent is actually equivalent (assuming that the prosecution history bar does not apply).

The obviousness cases cited by Plaintiffs do not in fact provide any guidance to the Court on the issues relevant here. Obviousness is a question that involves the consideration of many factors, including a set of "secondary considerations" that can support a finding of obviousness or non-obviousness. *See KSR Intern. Co. v. Teleflex Inc.*, 550 U.S. 398 (2007). One of those secondary considerations turns on the question of whether other third parties besides the inventor had "tried and failed" to come up with the claimed invention. *See, e.g., Ecolochem, Inc. v. Southern California Edison Co.*, 227 F.3d 1361, 1376, 1378 (Fed. Cir. 2000). If the record shows that others had tried and failed to achieve the invention, that supports a finding of non-obviousness. The cases cited by Plaintiffs all involve alleged evidence that the accused infringer had "tried and failed" to design the claimed invention, and thus that the invention was non-obvious. And the "failure of others" can also be shown by post-patent continued failure of others to develop the invention. Here, this is not an obviousness case, but a case of prosecution history estoppel, where the "failure of others" is not relevant to either tangentiality or foreseeability as determined by the "objective" understanding of a person of skill in the art as of December 2001.

The other cases cited by Plaintiffs, *Warner Jenkinson* and *DePuy Spine* also are not on point. In *Warner Jenkinson*, the Court was addressing a different inquiry – whether the alleged equivalent *was actually equivalent* to the relevant portion of the claimed invention. As the Court recognized, whether the alleged equivalent is "substantially the same as the patented invention" is not the issue before it at this time. That issue can only be reached if Abbott is able to rebut the presumption of estoppel.

Finally, the "ensnarement" case, *DePuy Spine, Inc. v. Medtronic Sofamor Danek, Inc.*, 567 F.3d 1314 (Fed. Cir. 2009), is also completely different from the case here. There, the Court

considered a hypothetical obviousness defense to the alleged equivalent and the discussion of the defendant's development was in that context. This does not show that an infringer's conduct after the fact could be relevant to establishing the state of the art at the earlier amendment date.

Plaintiffs have not established that discovery from Teva is relevant to the proper inquiry before this Court concerning tangentiality and foreseeability. None of the cases Plaintiffs' cite in their letter support this proposition.

                                          Respectfully submitted,

                                          JOHN C. PHILLIPS, JR.
                                          (DE Bar #110)

JCP:tlb
cc: All Counsel of Record (via e-mail)